UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Miranda Anne Merchant,

Debtor

Chapter 7
Case No. 18-10457

## ORDER GRANTING DEBTOR'S MOTION FOR COURT-APPOINTED COUNSEL

In May 2019, B&S Construction, Inc. filed a motion asking the Court to impose additional sanctions on Ms. Merchant under Fed. R. Bankr. P. 9011 and to hold her in contempt [Dkt. No. 108] (the "Contempt Motion"). Several hours before the scheduled hearing on that motion, Ms. Merchant filed a request for a court-appointed attorney to represent her in "any remaining pending items before the Court" [Dkt. No. 113] (the "Motion for Counsel").[1] After the hearing on June 6, 2019, the Court issued an order establishing: (i) a schedule for Ms. Merchant to make monthly payments on the attorney fees previously awarded to B&S Construction as a sanction for Ms. Merchant's prior violation of Rule 9011, and (ii) procedures for disposition of the Motion for Counsel and the Contempt Motion in the event that Ms. Merchant failed to make a timely payment to B&S Construction [Dkt. No. 116] (the "Sanctions Order"). In August 2019, B&S Construction filed a notice alleging that Ms. Merchant had failed to make the payment due for that month within the schedule established by the Sanctions Order. *See* [Dkt. No. 119]. As forecast in the Sanctions Order, the Court then scheduled and held a hearing on the Motion for Counsel on September 30, 2019. *See* [Dkt. Nos. 120, 124].

---

[1] The Motion for Counsel was not set for hearing, as required under this Court's Local Rules. *See* D. Me. LBR 9013-1(d)(1). It was not properly before the Court on June 6, 2019 when the Court held the initial hearing on the Contempt Motion.

At the hearing, Ms. Merchant asserted that the August payment was, in fact, made albeit after the three-day grace period established by the Sanctions Order. B&S Construction did not contend otherwise. As a result, it appears that if Ms. Merchant was in contempt of the Sanctions Order—and no such finding is being made—then she has purged her contempt.

The Court is troubled, however, by statements Ms. Merchant has made regarding her ability to pay the sanctions imposed on account of her Rule 9011 transgressions. In August 2018, Ms. Merchant indicated that her monthly gross income was $2,154 and that her monthly net income was $1,167. *See* [Dkt. No. 26]. In September 2018, she reported having current monthly income of $2,040. *See* [Dkt. No. 49]. Later, at the hearing on the Contempt Motion in June 2019, Ms. Merchant told the Court the following: "Your Honor, I work with autistic children. I make $15.00 an hour. I simply don't make enough money to pay the Court's order." She continued:

> The most that I could possibly to pay to them . . . I, too, want to resolve the debt. I, in no way, have disregarded the Court's order. I could pay $150 to 200 a month, that would be the most that I could pay. There is no more money available.

*See* [Dkt. No. 114]. At the hearing on her Motion for Counsel in September 2019, Ms. Merchant told the Court that her only source of income is net wages in the amount of $318 every two weeks. *See* [Dkt. No. 124]. She also stated that her monthly car payment was $348. Id.[2] After the hearing, the Court issued an order requiring Ms. Merchant to submit a financial declaration in support of the Motion for Counsel. [Dkt. No. 125.] When she filed that document, Ms. Merchant did not list any monthly expenses for groceries or utilities. [Dkt. No. 130.]

In light of these seemingly conflicting and incomplete statements regarding Ms. Merchant's finances, the Court, on its own motion, will consider adjusting the payment schedule

---

[2] Her Schedule J shows a car payment of $232 per month. [Dkt. No. 26.]

contained in the Sanctions Order.  The Court will also consider what, if any, sanctions will be imposed on Ms. Merchant if she fails to pay in accordance with the schedule contained in the Sanctions Order, as the same may be adjusted.  These determinations will occur in connection with an evidentiary hearing on the Contempt Motion.  At that hearing, Ms. Merchant will bear the burden of establishing that the payment schedule should be adjusted.  Ms. Merchant may defend against a showing of contempt by proving that she was unable to comply with the terms of the Sanctions Order in August 2019.  *See* AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 427 (1st Cir. 2015).  To prevail on such a defense, Ms. Merchant must show that the inability to comply was not self-inflicted and that she made all reasonable efforts to comply.  *See* Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.), 950 F.2d 798, 803-04 (1st Cir. 1991).

Despite her failure to cite any legal authority or provide meaningful factual detail in support of the requested relief, the Court hereby GRANTS the Motion for Counsel.  Based on the information set forth in her financial affidavit, it appears that Merchant is financially unable to obtain counsel.  *See* D. Me. CJA Plan § 4.2.1.6 (as amended July 2017) (requiring doubts to be resolved in favor of eligibility).  This is a civil contempt matter, not a criminal proceeding.  As such, the Sixth Amendment right to counsel is not applicable.  *See* Turner v. Rogers, 564 U.S. 431, 441 (2011). Although the United States Constitution may require the government to provide counsel to an indigent person potentially faced with incarceration as a sanction for civil contempt in certain circumstances, the right to counsel does not exist in all civil cases where a litigant may face incarceration as a sanction.  *See* id. at 446.  Here, B&S Construction has asked the Court to hold Ms. Merchant in contempt and has suggested that the only appropriately coercive sanction may be incarceration.  *See* [Dkt. No. 114].  Although Ms. Merchant has stated that a family member is an attorney and suggested that he has been assisting her with this case,

no lawyer has appeared to represent her and it is clear that she does not grasp the full implications of a contempt proceeding in federal court.  For these reasons, the Court will take the extraordinary step of appointing Attorney Jon A. Haddow to represent Ms. Merchant, but only for the sole and limited purpose of assisting her in preparation for, and at, the hearing on the Contempt Motion.  *See* D. Me. CJA Plan § 4.1.2.3 (as amended July 2017) (permitting the court to provide representation for any financially eligible person who "is charged with civil or criminal contempt and faces loss of liberty" if "the interests of justice so require").  Counsel is not appointed for any other purpose.

    Attorney Haddow and Attorney Adam R. Prescott, counsel to B&S Construction, are ordered to confer and to contact Lori Stocker, Courtroom Deputy, on or before November 15, 2019, regarding their availability for an evidentiary hearing on the Contempt Motion in mid-December 2019 or early January 2020.  After hearing from counsel, the Court will issue a separate order scheduling the hearing.

Dated:  November 1, 2019

                              Michael A. Fagone
                              United States Bankruptcy Judge
                              District of Maine